EDWARD G. MURRAY LIGHTERAGE & TRANSPORTATION CO. v.
WARREN.

(Supreme Court, Appellate Division.   Third Department.   March 8, 1916.)

1. APPEAL AND ERROR ⬅927(7)—REVIEW—DIRECTED VERDICT—EVIDENCE.
   Upon appeal from a judgment entered upon the direction of a verdict,
   all evidence favorable to the defeated party and all inferences which may
   be legitimately drawn therefrom are to be resolved in his favor.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2912,
   2917, 3748, 3758, 4024; Dec. Dig. ⬅927(7).]

2. REPLEVIN ⬅88—OWNERSHIP—QUESTION FOR JURY.
   On replevin by a lighterage company for a canal boat seized by defend-
   ant sheriff on execution against a transportation company, held, that
   whether the lighterage company and the transportation company were in
   fact one and the same concern was a question for the jury.
   [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 343–348; Dec.
   Dig. ⬅88.]

3. REPLEVIN ⬅70—BURDEN OF PROOF.
   In such action, the burden of establishing the ownership of the boat in
   plaintiff litherage company, and of satisfying the jury that the interest
   of the lighterage company and the transportation company were not the
   same, was upon plaintiff.
   [Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 280–284; Dec.
   Dig. ⬅70.]

Appeal from Trial Term, Washington County.

Replevin by the Edward G. Murray Lighterage & Transportation
Company against Roswell E. Warren, individually and as sheriff of
the county of Washington.   From a judgment in favor of plaintiff,
entered upon the direction of a verdict, and also from an order deny-
ing defendant's motion for a new trial, defendant appeals.   Judgment
and order reversed, and new trial granted.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOOD-
WARD, and COCHRANE, JJ.

Henry F. Toohey, of Schuylerville, for appellant.
Willoughby L. Sawyer, of Hudson Falls, for respondent.

LYON, J.   This action is in replevin.   The defendant was the
sheriff of Washington county.   As such, in June, 1914, he levied
under an execution issued upon a Supreme Court judgment in the
action of Funston v. Murray Transportation Company, upon a canal
boat named the John H. Murray of New York.   The question involved
in this litigation is whether the canal boat belonged to the judgment
debtor, hereinafter referred to as the Transportation Company, or
to the plaintiff, hereinafter referred to as the Lighterage Company.
The defendant claimed that the two transportation companies were
in fact one and the same concern, having no separate or distinct
identities, and that both were owned and controlled by Edward G.
Murray, who was the president of the Lighterage Company and the
assistant treasurer of the Transportation Company.
At the close of the evidence, the defendant moved for the dismissal

of the complaint, both as to the right of possession of the property as well as to damages for detention, and the plaintiff moved for the direction of a verdict for the delivery of the boat to the plaintiff. The motion of the plaintiff was conditioned, however, upon the court holding that the plaintiff was entitled to damages. The court held that the plaintiff was not entitled to damages, and granted the defendant's motion for the dismissal of that portion of the cause of action. The court thereupon directed judgment for the plaintiff for the return of the property. The defendant excepted to such direction, and asked for permission to go to the jury upon the question whether the Lighterage Company and the Transportation Company were one and the same concern, and whether the latter at the time of the levy had a financial interest in the boat equal to or in excess of the amount of the judgment. The court denied the request, and to such denial the defendant excepted. Plaintiff's attorney thereupon asked that the jury find the value of the property to be returned, and the court thereupon directed that the jury find the value to be $3,000, but no damages. From the judgment entered upon the verdict under the direction of the court, and the denial of defendant's motion to set aside the verdict, this appeal has been taken.

[1] The rule that, upon an appeal from a judgment entered upon the direction of a verdict, all evidence favorable to the defeated party and all inferences which may be legitimately drawn therefrom are to be resolved in his favor, is too well known to require the citation of authorities.

[2, 3] Following this rule, the jury had the right to find from the evidence that all the capital stock of the Lighterage Company was owned by Edward G. Murray, who was the president and secretary of the company; that all the capital stock of the Transportation Company was owned by his brother, and that Edward G. Murray was the assistant treasurer of that company; that the two companies occupied as an office the same room at No. 17 South street in the city of New York; that the directors of the Lighterage Company were Edward G. Murray, his father, John H. Murray, and one Bord; that the directors of the Transportation Company were the three brothers of Edward G. Murray; that Edward G. Murray had full authority from the Transportation Company to contract bills and to arrange for their payment, and as assistant treasurer had signed notes, and signed and indorsed checks, of that company; that, although he received no compensation whatever from the Transportation Company therefor, he devoted about one-third of his time to its business in making contracts, soliciting freight, and traveling about, making, among other contracts, that with one Hunt, introduced in evidence by defendant, of date May 21, 1913, for chartering from him a tug with a captain and an engineer for the Champlain Canal season of navigation, which contract bears the signature "Murray Transportation Co., per E. G. Murray, Party of the First Part"; that the Lighterage Company leased its boats, usually at the price of $6 per day, to the Transportation Company, which never had any boats of its own, although at one time in 1914 it had about 40 boats working, more than one-half of which it

hired of parties other than the Lighterage Company; that some of the boats claimed to belong to the Lighterage Company and to be leased by the Transportation Company were repaired and the bill paid by the Transportation Company; that, representing the Transportation Company, Edward G. Murray wrote to Funston, the judgment creditor, regarding the payment of the judgment upon which the execution was issued, and the levy made; that at the time the boat was levied upon it had taken a load of coal to the Ft. Miller Pulp & Paper Company, upon payment of freight by that company to the Transportation Company; and that at the time of the levy the Transportation Company was in possession of the boat.

The only witness called by the plaintiff was Edward G. Murray, and the only corroborating evidence offered by the plaintiff was a bill of sale of the boat in question, of date March 23, 1911, transferring the boat from Edward G. Murray to the Litherage Company. Under all the evidence, and in view of the fact that the burden of establishing the ownership of the boat in the plaintiff, and of satisfying the jury that the interests of the Lighterage Company, the Transportation Company, and Edward G. Murray were not in fact one and the same, as claimed by defendant, was upon the plaintiff, we think the question of the ownership of the boat should have been submitted to the jury.

The judgment and order appealed from must therefore be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.

